Carolina Betancourt
**PARKER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–169–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 8, 1984.

Guadalupe Olvera, III, Brownsville, for appellant.

**644**

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for credit card abuse. TEX.PENAL CODE ANN. § 32.31(b)(1)(A) (Vernon 1974). Trial was before a jury. The trial court assessed punishment at two years' confinement in the Texas Department of Corrections; probated for a period of two years and a $400.00 fine. We affirm.

The indictment alleged that appellant: "... did then and there unlawfully, with intent to fraudulently obtain property and services from Rachel Soto, present and use a Montgomery Ward Credit Card with knowledge that the card had not been issued to the Defendant and that the card was not used with the effective consent of Verniece Ramirez, the cardholder, ..."

The application portion of the charge instructed the jury that if they found from the evidence beyond a reasonable doubt that appellant did present or use a Montgomery Ward credit card, "with specific intent to fraudulently *obtain personal property*, ... and that the credit card had not been issued to her, and that she did not have the effective consent of the cardholder ..., then they will find appellant guilty as charged."

■ In appellant's first ground of error, she contends that the evidence was insufficient to show that she intended to obtain *services*[1] with the credit card. The State concedes, and we agree, that the evidence

was insufficient to prove beyond a reasonable doubt that appellant intended to fraudulently obtain *"services."*[2] The trial court, however, charged the jury only on appellant's intent to obtain *personal property* and not *"services,"* as defined in TEX.PENAL CODE ANN. § 31.01(7) (Vernon 1974), and appellant was not convicted on this theory. Appellant's first ground of error is overruled.

■ In her second ground of error, appellant contends that because the indictment alleges that appellant intended to fraudulently obtain "property *and services,"* the trial court must charge the jury that they must find from the evidence both property *and services* before returning a guilty verdict. This contention is without merit.

■ We hold that "it was proper for the State to charge appellant by alleging conjunctively that [s]he intended to fraudulently obtain property and services, and proof of *either* would have been sufficient to convict. See: *Sidney v. State,* 560 S.W.2d 679 (Tex.Crim.App.1978); *Garcia v. State,* 537 S.W.2d 930 (Tex.Crim.App.1976); *Boyd v. State,* 419 S.W.2d 843 (Tex.Crim.App. 1967). It was also proper for the trial court to charge the jury that a finding of either would be sufficient to convict." *Ortega v. State,* 668 S.W.2d at 707.

In the instant case, the trial court properly charged the jury as to appellant's intent to fraudulently obtain property, and not as to services. We find the evidence was sufficient to support the averments in the trial court's charge. *See Boozer v. State,* —— S.W.2d ——, No. 402–82 (Tex.Crim.App., September 19, 1984) (Not yet reported). The second ground of error is overruled.

1. Emphasis supplied through opinion.

2. Rachel Soto, a salesperson at Montgomery Ward, testified that on July 28, 1983, she sold a lady's gold watch to appellant. Soto also testified that because the watchband was too big for appellant she (Soto) "cut it down" twice for appellant. Arguably, the incidental labor performed by Soto amounted to a "service" under § 31.01(7)(A). However, there were no result-

ant charges made to the victim's account. We, therefore, hold that the mere adjustment of the watch purchased by appellant, without further proof, is insufficient to show such labor, or service, was the intended object of appellant's desire. *See Ortega v. State,* 668 S.W.2d 701, 706 (Tex.Crim.App.1984) (opinion on motion for rehearing).

In her final ground of error, appellant complains that she was denied effective assistance of counsel at trial. In her brief, appellant points to several instances where trial counsel allegedly rendered ineffective assistance of counsel, although she does not contend that she was denied a fair trial.[3]

The standard which we must apply to appellant's ineffective assistance of counsel ground is whether or not her attorney rendered "reasonably effective assistance." *Ex parte Robinson*, 639 S.W.2d 953 (Tex.Crim.App.1982); *Passmore v. State*, 617 S.W.2d 682 (Tex.Crim.App.1981). The adequacy of a counsel's assistance must be gauged by the totality of the representation, and allegations of ineffective assistance of counsel will be sustained only if they are firmly founded. *Ferguson v. State*, 639 S.W.2d 307 (Tex.Crim.App.1982); *Johnson v. State*, 614 S.W.2d 148 (Tex. Crim.App.1981). Due to the nature of the allegation, each case must turn on its own particular facts and circumstances. *Mercado v. State*, 615 S.W.2d 225 (Tex.Crim.App. 1981).

We have carefully reviewed the entire record before us and find that counsel's efforts on appellant's behalf, while not errorless, were sufficient to constitute reasonably effective assistance at trial. *See Ferguson v. State*, 639 S.W.2d at 310. Appellant's third ground of error is also overruled.

The judgment of the trial court is affirmed.

---

**3.** Appellant claims that, during cross-examination of Vernice Ramirez, her counsel introduced testimony of an alleged "extraneous offense," and that counsel failed to request an instruction in the jury charge limiting the jury's consideration of the alleged extraneous offense.