Frank TORRES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-87-208-CR.

Court of Appeals of Texas, Corpus Christi.

June 30, 1988.

Richard W. Rogers, III, Nate Rhodes, Corpus Christi, for appellant.

Before NYE, C.J., and DORSEY, and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

A jury found appellant, Frank Torres, guilty of delivery of a controlled substance and assessed punishment at twenty years' imprisonment. Appellant brings four points of error on appeal. We affirm.

The facts of this case were hotly disputed at trial. According to narcotics officer Gilbert Villareal, he was taken to appellant's apartment on February 1, 1987, by another subject named Mike, in order to execute an undercover "buy." After being led inside, he began negotiations with appellant for the purchase of 175 pounds of marijuana. During the discussion, appellant asked Villareal if he would also like to buy some cocaine. When Villareal asked for a sample, appellant handed him a 3-gram "eight ball" of cocaine, which he purchased for $250 cash. The officer then left the apartment, went to his office, and marked and stored the evidence.

Appellant testified that he neither met with Villareal nor sold him any type of drug on the date in question.

■ Point of error number two asserts that the trial court erred in denying appellant's motion to quash the indictment. The indictment states, in pertinent part:

Frank Torres, defendant, on or about the 1st day of February, 1987, in Nueces County, Texas, did then and there knowingly and intentionally make an *actual* transfer *or* a *constructive* transfer of cocaine ... (emphasis added).

Appellant contends that the indictment is defective because it alleges two alternative theories of delivery in the disjunctive.

In *Hunter v. State*, 576 S.W.2d 395, 399 (Tex.Crim.App.1979), the Court of Criminal Appeals held that disjunctive pleading no longer amounts to constitutional error and is "fatal" only if it is "so vague, uncertain, and indefinite as to give no notice of the offense charged." The Court elaborated on this rule in *Adams v. State*, 707 S.W.2d

900, 903 (Tex.Crim.App.1986) by setting forth a three-step process for deciding whether a charging instrument is fatally defective:

> The important question is whether a defendant had notice adequate to prepare his defense. The first step in answering this question, but only the first step, is to decide whether the charging instrument failed to convey some requisite item of "notice." The next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact.

On the issue of notice, the case of *Ferguson v. State*, 622 S.W.2d 846 (Tex.Crim.App.1980) is instructive. The indictment in *Ferguson* alleged that the defendant did "unlawfully, intentionally and knowingly deliver to Jerry Powell, a controlled substance namely Heroin." The court noted that "delivery" is statutorily defined in three distinct manners: actual transfer, constructive transfer, and by offer to sell.[1] *Id.* at 848. It concluded that the failure to specify which legal theory of delivery was going to be established by the evidence denied the defendant "precise notice of the nature of the accusation against him" and failed to act as a bar against subsequent prosecutions. *Id.* Similarly, the three means of delivery are mutually exclusive as a matter of law. *Conaway v. State*, 738 S.W.2d 692 (Tex.Crim.App.1987).

The allegation of both actual and constructive transfer was approved in *Queen v. State*, 662 S.W.2d 338 (Tex.Crim.App.1983), but specific facts were alleged in the indictment. Recently, the Court of Criminal Appeals approved an indictment which alleged constructive transfer against a challenge that the conclusory allegation of constructive transfer did not give the defendant adequate notice. *Daniels v. State*, 754 S.W.2d 214 (Tex.Crim.App.1988). In *Daniels*, the Court held that although "constructive transfer" is not statutorily defined, it is to be given its common meaning, that is a transfer or delivery other than on

"actual transfer" where the transferor has direct or indirect control of the substance transferred and the transferor must know of the existence of the transferee.

We hold that the charging of an actual or constructive transfer in the indictment did not deny the appellant fair notice of what he was being charged with. *See Bynum v. State*, 711 S.W.2d 321, 325–26 (Tex.App.— Amarillo 1986, pet granted).

■ Assuming, however, that the indictment was defective, we will apply the harm analysis announced in *Adams*. That inquiry concerns whether the lack of notice had an impact on appellant's ability to prepare a defense. Appellant's defense consisted of his assertions that he had never seen Gilbert Villareal before and had never sold him or anyone else cocaine. The record is devoid of any hint of harm which may have been caused by the allegation of actual "or" constructive delivery. We are unable to say that the lack of notice had any impact on appellant's ability to present his defense at trial. We overrule point of error two.

Appellant asserts in his first point of error that the trial court erred in allowing testimony regarding an extraneous offense, namely a transaction between Villareal and appellant's "narcotics connection." The State counters by arguing that the objection at trial did not comport with the objection on appeal.

At trial, Officer Villareal testified that after he purchased the 3–gram sample of cocaine, he was told to return the next day so that appellant could introduce him to his "source." The following exchange then took place:

Q Okay, did that transpire?

A Yes, sir, the next day he took me to his narcotics connection, Casimiro Rodriguez.

Q What transpired there?

MR. COFFEY: Your Honor, I will object to what transpired the next day at this other person's house as not res gestae to this offense.

---

1. *See* Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(7) (Vernon Supp.1988).

MR. CORTEZ: Your Honor, it goes to the propensity of this man as far as his ability to deal in drugs.

THE COURT: The objection will be overruled, sir. I will allow the question and the answer.

MR. COFFEY: Your Honor, let me make further objection due to his response in that that would be improper character evidence.

MR. CORTEZ: That is not what I was using it for.

THE COURT: Overruled.

Q (By Mr. Cortez) So you did meet with Mr. Torres the next day?

A Yes, sir.

Q And what transpired then?

A He took me to Casimiro Rodriguez so I could make contact with him.

Q And did you?

A Yes, sir, I made contact with Mr. Casimiro Rodriguez and we negotiated for 175 pounds of marijuana and he also sold me cocaine."

■ The purpose of the rule requiring that a specific objection at trial comport with the point on appeal is to allow the trial judge to first rule on the precise matter that will be presented to the appellate court. Tex.R.App.P. 52(a). In accordance with this rule is the corollary that although counsel does not state the objection in artful terms, if the trial judge knows what the objection is, the point will be considered on appeal in a proper point of error. *Pennington v. State*, 697 S.W.2d 387, 390 (Tex.Crim.App.1985). The critical question is whether the trial judge had an opportunity to rule on the particular issue raised on appeal.

In examining this record, we find that the officer testified that the day after he had purchased cocaine from the appellant, he was taken by appellant to visit a "narcotics connection." When the officer asked what transpired there, counsel objected that what happened at Rodriguez's house the next day was "not res gestae to this offense." No mention was made that the testimony would involve an extraneous offense. Although counsel might well anticipate that the officer's testimony would be about an extraneous offense, the trial judge was not alerted to this possibility. We cannot say from the record that the judge should have anticipated testimony concerning an extraneous offense in the absence of a specific objection.

After the res gestae and improper character evidence objections were overruled, the officer testified about an extraneous offense; however, there was no objection, motion, instruction to disregard, or motion for mistrial after the evidence came in.

Appellant's first point of error is overruled.

Appellant asserts in his third and fourth points that he was denied effective assistance of counsel at trial.

The effectiveness of both appointed and retained counsel is judged by a single standard under the Sixth Amendment, which is that of "reasonably effective assistance of counsel." *Moore v. State*, 700 S.W.2d 193, 205 (Tex.Crim.App.1985); *Parker v. State*, 680 S.W.2d 643, 645 (Tex.App.—Corpus Christi 1984, no pet.). The right to "reasonably effective" legal assistance does not mean errorless counsel or counsel whose competency and adequacy are to be judged by hindsight. *Moore*, 700 S.W.2d at 205. Moreover, the adequacy of an attorney's services must be gauged by the totality of his representation. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim.App.1981).

In addition to establishing that counsel's assistance was not reasonably effective, appellant must also show a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Moore*, 700 S.W.2d at 205; *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Appellant first asserts that his counsel improperly struck jurors 6, 8, and 9 because each "expressed feelings which would seem to be in the appellant's favor." We note initially that the State also struck jurors 8 and 9, thereby rendering harmless any error regarding their excusal. As for juror 6, the record reflects that he had

previously served on a military court jury, which could have justified his release.

■ Appellant next argues his attorney erred in failing to object to the following testimony of Officer Villarreal concerning the 3.2 grams of cocaine which was purchased from appellant:

Q (By Mr. Cortez) As far as the amount of cocaine, Mr. Villarreal, is that considered a small amount or a sizeable amount?

A It is considered a sizeable amount.

Q Why is that?

A Most of your small street dealers usually deal in what we call papers, or $20 a quarter gram up to half a gram which is $50. Right here we are talking about at least $300 or $400 worth. That is usually sold for 250 to 275 depending on the quality and the quantity. *Most people that deal in what we call eight balls can usually deal ounces.* (emphasis ours).

Although Villarreal's final remark was arguably not responsive to the question asked, the failure to object did not constitute ineffective assistance under *Moore* and *Strickland.*

■ Third, appellant complains that his attorney did not request a limiting instruction on the alleged transaction between Villarreal and Casimiro Rodriguez. Villarreal's testimony could be construed to implicate appellant under the law of parties of complicity in the later sale by Rodriguez to Villarreal. However, the failure to object and seek a limiting instruction was not ineffective lawyering; rather, it may have been a tactical decision not to call that evidence to the jury's attention. In any event, the failure to seek a limiting instruction under the circumstances is not error of such a degree to have caused harm.

Fourth, defense counsel did not call to the stand any character witnesses during the punishment phase of trial. While appellant questions the wisdom of this tactic, he has not indicated that there were any credible character witnesses available to testify.

■ Fifth, appellant complains that his attorney failed to object when, during final argument on punishment, the District Attorney "asked that the jury sentence him for a proposed sale of 100 pounds of marijuana." The actual comment made by the State's attorney was:

Now as far as the 100 pounds of marijuana is concerned, remember that testimony of the officer. He said that he could take him down there to Brownsville to somewhere (sic) house and he could look through the warehouse and look at the different grades of marijuana and he could pick whatever he wanted. That was a lot of talk. My God. He is a great bluffer, that's all I have to say.

The record reflects that before the foregoing statement was made, appellant's counsel discussed the "100 pounds of marijuana" at great length during his own summation to the jury. Thus, the prosecutor's comment was a proper response and failure to object was not error. *See Anderson v. State,* 717 S.W.2d 622, 632 (Tex.Crim.App. 1986); *Denison v. State,* 651 S.W.2d 754, 761 (Tex.Crim.App.1983).

■ Finally, appellant asserts his attorney failed to object to the following statement, also made by the District Attorney during final argument:

We all know what cocaine does. You hear about it all the time. You read it in the newspaper. A lot of people are dying.

We disagree with appellant's contention that the comment improperly conveyed facts which were outside the record and not inferable from the evidence. The information may easily be classified as common knowledge.

We conclude that appellant was not denied reasonably effective assistance of counsel and, therefore, overrule points three and four.

The judgment of the trial court is AFFIRMED.