**Affirmed and Opinion filed November 19, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00816-CR

**MARTIN VASQUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1352006**

## O P I N I O N

Appellant Martin Vasquez appeals his felony conviction for failing to register as a sex-offender. We affirm.

### Background

Appellant was convicted on April 23, 1991, of sexual assault of a child and placed on ten years' probation. *See* Tex. Penal Code § 22.011 (Vernon 2011). Appellant's probation was revoked in 1997, and he was sentenced to two years'

confinement. Appellant was released from prison on April 26, 1999. Appellant signed a pre-release notification form stating that he had a lifetime duty to report to law enforcement annually. Appellant had a 60 day window to report each year — 30 days before or after his birthday. In addition, appellant was required to report any change of address.

Appellant was convicted of failing to register as a sex-offender in 2001 and 2005. *See* Tex. Code Crim. Proc. Ann. art. 62.102 (Vernon Supp. 2013). Appellant successfully registered with the Houston Police Department in 2007, 2008, 2009, and 2010. Appellant did not register in 2011.

Appellant was stopped by Houston Police Department Officer Alms on November 14, 2011, for running a stop sign while riding a bicycle. When Officer Alms checked appellant's information in the police system, he discovered appellant was a registered sex-offender. He also discovered a discrepancy between the home address reported for appellant and the address appellant provided. Further investigation revealed that appellant failed to register in 2011.

Appellant was indicted on January 26, 2012 for failure to comply with sex-offender registration requirements. At trial, appellant elected to testify during the guilt-innocence phase. Trial counsel advised appellant against testifying. During a hearing outside the jury's presence, trial counsel informed appellant that if he elected to testify, his criminal history would come in and he would be vigorously cross-examined by the prosecutor. Appellant testified that he was unaware of his duty to report because it was not in the original "contract" that he received when he was convicted of sexual assault of a child.

A jury convicted appellant and the trial court assessed punishment with enhancement at eight years' confinement. Appellant did not file a motion for new trial. This appeal followed.

2

**Analysis**

Appellant contends that he was denied his right to effective counsel under the Sixth Amendment of the United States Constitution because his attorney: (1) failed to object during the guilt-innocence phase to the introduction into evidence of jail cards which improperly communicated inadmissible information including appellant's prior felony conviction for failure to register; and (2) elicited testimony during direct examination regarding appellant's 2005 conviction for failure to register as a sex-offender.

To prevail on a claim for ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that (1) trial counsel's performance fell below the objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State,* 726 S.W. 2d 53, 57 (Tex. Crim. App. 1986).

To satisfy *Strickland*'s first prong, the appellant must identify acts or omissions of counsel that allegedly were not the result of reasonable judgment. *Strickland*, 466 U.S. at 690. A defendant must overcome the presumption that trial counsel's actions fell within the wide range of reasonable and professional assistance. *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). If the reasons for counsel's conduct at trial do not appear in the record and it is possible that the conduct could have been grounded in legitimate trial strategy, an appellate court will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. *Id.; see also Menefield v. State,* 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). To warrant reversal when trial counsel has not been afforded an opportunity to explain his reasons, the challenged conduct must be "so outrageous that no competent attorney would have engaged in it." *Roberts v. State*, 220 S.W.3d 521, 533-34 (Tex. Crim. App. 2007).

3

To satisfy *Strickland*'s second prong, the appellant must establish a reasonable probability that, but for counsel's errors, the result would have been different. *Strickland*, 466 U.S. at 694.

Failure to satisfy either prong defeats an ineffective assistance claim. *Id.* at 697. In determining whether counsel was ineffective, we consider the totality of the circumstances of the particular case. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

## I.    Impeachment with Prior Felony Conviction

Because the asserted inadmissibility of appellant's 2005 conviction undergirds both of appellant's issues, it is helpful to discuss admissibility at the outset. *See* Tex. R. Evid. 609(a). Appellant claims that his 2005 conviction was inadmissible under *Theus v. State,* 845 S.W.2d 874, 880-81 (Tex. Crim. App. 1992).

A defendant who testifies places his credibility at issue and may be impeached like any other testifying witness. *Geuder v. State*, 142 S.W.3d 372, 375 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Texas Rule of Evidence 609(a) provides that prior convictions for felonies or for crimes involving moral turpitude are admissible to impeach a witness's credibility for truthfulness if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party. Tex. R. Evid. 609(a).

*Theus* sets out a nonexclusive list of factors to be considered when weighing the probative value of a conviction against its prejudicial effect: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; (3) the similarity between the past crime and the charged offense; (4) the importance of

4

the witness's testimony; and (5) the importance of the witness's credibility. *Theus*, 845 S.W.2d at 880.

## A. Impeachment Value

Crimes involving deception have a higher impeachment value than crimes of violence, and the latter have a higher potential for prejudice. Appellant contends that his 2005 conviction for failure to register as a sex-offender is not a crime of deception. Whether a crime involves deception depends on whether the crime is the type that bears on the defendant's character for truthfulness. *Id.* at 877.

We agree with the State that failing to register as a sex-offender bears on the defendant's character for truthfulness. To register as a sex-offender, a defendant must disclose statutorily required information to law enforcement. *See* Tex. Code Crim. Proc. Ann. art. 62.051 (Vernon Supp. 2013). Registration and notification provisions serve to facilitate law enforcement's monitoring of sex-offenders and to alert the public so appropriate precautions may be taken. *See Tristan v. State*, 393 S.W.3d 806, 812 (Tex. App.—Houston [1st Dist.] 2012, no pet.). A convicted sex-offender may desire to conceal his information for a number of reasons, including evading monitoring by law enforcement and detection by the public. *Id.* Appellant, by failing to register, concealed information from the public. This factor favors admission.

## B. Temporal Proximity

The temporal proximity of the past crime to the charged offense and the witness's subsequent history favors admission if the crime in question is recent and the witness has a demonstrated pattern of running afoul of the law. *Theus*, 845 S.W.2d at 881. Appellant was convicted of failing to comply as a sex-offender in 2001 and 2005; the trial in this case occurred in August 2012. The relative recency

of the 2005 conviction favors admission. *See Huerta v. State*, 359 S.W.3d 887, 893 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

## C.    Similarity

Similarity between the past crime and the charged offense weighs against admissibility of a prior conviction. *Theus,* 845 S.W.2d at 881. *Theus* reasoned that admitting evidence of a similar prior crime for impeachment purposes "presents a situation where the jury would convict on the perception of a past pattern of conduct, instead of on the facts of the charged offense." *Id*. Because the crimes at issue here are identical, this factor favors inadmissibility.

## D.    Importance of Witness's Testimony and Credibility

In regard to the final two factors, *Theus* states that "when the case involves the testimony of only the defendant and the State's witnesses . . . the importance of the defendant's credibility and testimony escalates" and "so will the need to allow the State an opportunity to impeach the defendant's credibility." *Id*. Appellant was the sole witness in his defense. Appellant's credibility was an important issue in the case because the case involved only his testimony and the testimony of the State's witnesses. Thus, factors four and five favor admission.

Considering the *Theus* factors, we conclude that, had counsel objected in the trial court, it would not have been an abuse of discretion for the trial court to have ruled appellant's 2005 conviction admissible under Texas Rule of Evidence 609.

## II.    Failure to Object to Admission of Jail Cards

In his first issue, appellant contends that his trial counsel was ineffective in failing to object to the admission of evidence of extraneous bad acts during the guilt-innocence phase of trial. The evidence consisted of jail cards containing information that appellant (1) was arrested in court and convicted in 1987 for

resisting arrest; (2) was convicted in 2005 for failing to register as a sex-offender; (3) had his bond revoked and a new bond of $30,000 set in 2005; (4) was ordered to undergo a "psych exam" in prison; and (5) had hepatitis C. Appellant argues that there was no conceivable trial strategy for trial counsel's failure to object to the admission of jail cards containing this information.

### A.     *Strickland*'s First Prong

Appellant did not raise the issue of ineffectiveness in a motion for new trial, and the record is devoid of any evidence of trial counsel's strategy. Facing a silent record, we will not conclude that trial counsel's performance was constitutionally deficient if it is possible that his decisions were grounded in legitimate trial strategy. *See Garza,* 213 S.W3d at 348.

Much of the evidence contained in the jail cards became admissible when appellant testified. *See Geuder*, 142 S.W.3d at 375; *see also Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). As discussed above, appellant's 2005 conviction was admissible for impeachment purposes; therefore, it is possible that trial counsel did not object to the admission of other evidence contained in the jail cards in an effort to gain credibility with the jury. *See Huerta*, 359 S.W.3d at 894 (Counsel may refrain from objecting to prejudicial evidence in an effort to make appellant appear more honest, to minimize the seriousness of the earlier offense, or to avoid drawing unwanted attention to a particular issue.). Further, an isolated failure to object to improper evidence does not constitute ineffective assistance of counsel. *See Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012); *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). Appellant has not satisfied *Strickland's* first prong on this record.

7

## B. *Strickland*'s Second Prong

Appellant also failed to demonstrate a reasonable probability that, but for counsel's asserted errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687.

Even if trial counsel had objected to the jail cards, the jury could have learned about the 2005 conviction when he testified. *See Powell,* 63 S.W.3d at 438 (Evidence of prior bad acts is admissible to rebut a defensive theory.). In analyzing the admissibility of the 2005 conviction, we determined that it was admissible for impeachment purposes, but the same evidence also is admissible as substantive evidence rebutting appellant's defensive theory. *See id.* Appellant testified that he was unaware that he was required to register because he never received any admonishments regarding registering as a sex-offender. The State would have been able to rebut appellant's defensive theory with evidence of appellant's prior convictions for the same offense. *See id.*

Appellant argues in passing that he was prejudiced by admission of information contained in the jail cards concerning (1) the 1987 conviction, (2) the bond revocation, (3) the "psych exam" in prison, and (4) hepatitis C. However, it is likely that appellant would have been convicted even if this information had not been admitted because the remaining evidence is sufficient to support his conviction. The State proffered and the trial court admitted evidence that appellant signed several documents specifying that he had a duty to register as a sex-offender for the remainder of his life. Evidence also was presented that appellant failed to comply with sex-offender registration requirements by failing to register and not updating his address in 2011. This evidence alone defeats any effort to satisfy *Strickland*'s second prong. *See Ex parte Martinez*, 330 S.W.3d 891, 904 (Tex. Crim. App. 2011) (no reasonable probability that the outcome of the trial would

have been different when elements of the offense were proven despite admission of evidence that defendant was a gang member); *Ex parte Napper*, 322 S.W.3d 202, 249-51 (Tex. Crim. App. 2010) (no reasonable probability that admission of potentially flawed DNA evidence affected the outcome of trial).

We overrule appellant's first issue.

## III.    Eliciting Improper Testimony

In his second issue, appellant argues that trial counsel was ineffective because he elicited testimony during direct examination of appellant regarding appellant's prior convictions for failure to register as a sex-offender.  During direct examination of appellant, the following exchange occurred:

> DEFENSE COUNSEL: All right, sir. Now — okay. Now, you have a criminal history, correct?
>
> APPELLANT: One criminal conviction —
>
> DEFENSE COUNSEL: Listen to me.
>
> APPELLANT: — from 1991. Yes. Excuse me.
>
> DEFENSE COUNSEL: I'll let the prosecutor go into details, but you've been convicted of a felony, right?
>
> APPELLANT: Yes, sir.
>
> DEFENSE COUNSEL: Sexual assault of a child; is that correct?
>
> APPELLANT: That's what the [judgment] . . . was, the conviction was, yes, it was.
>
> DEFENSE COUNSEL: You've had some convictions after that, right?
>
> APPELLANT: No crime against society or a victim, but because it is — compliance, yes.
>
> DEFENSE COUNSEL: So, you have a [sic] failed to register. You've been convicted of that, correct? Is that right?
>
> APPELLANT: It wasn't a court order, but, yes.

9

Appellant contends that trial counsel could have no reasonable trial strategy for eliciting this testimony before the jury.

Because the record does not provide the reasons for trial counsel's conduct, we will not conclude that his decisions were deficient if it is possible that they were grounded in legitimate trial strategy. *See Garza*, 213 S.W3d at 348. We presume on this record that trial counsel acted reasonably in eliciting testimony from appellant regarding the 2005 conviction. *See Huerta*, 359 S.W.3d at 891 (A defense attorney may choose to elicit testimony from the accused as to his prior conviction to remove the sting from an attack that would otherwise come from the State.).

Further, even if trial counsel acted unreasonably, appellant cannot demonstrate harm because there has been no showing that, but for counsel's conduct in eliciting testimony, the outcome would have been different. As discussed above, the State provided ample evidence that appellant knew of his duty to register annually but failed to register and update his address in 2011. Thus, we overrule appellant's second issue.

## Conclusion

Having overruled each of appellant's issues, we affirm the trial court's judgment.


/s/    William J. Boyce
       Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jamison.
Publish — Tex. R. App. P. 47.2(b).