ACCEPTED
13-14-00403-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/27/2015 11:48:31 AM
DORIAN RAMIREZ
CLERK

## No. 13-14-403-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/27/2015 11:48:31 AM
DORIAN E. RAMIREZ
Clerk

## NOEL CAMPBELL,
## APPELLANT,

## v.

## THE STATE OF TEXAS,
## APPELLEE.

ON APPEAL FROM THE 117TH DISTRICT COURT
NUECES COUNTY, TEXAS

## BRIEF FOR THE STATE

Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@co.nueces.tx.us

Attorney for Appellee

## ORAL ARGUMENT IS REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................ ii

SUMMARY OF THE ARGUMENT ................................................................ 1

ARGUMENT ..................................................................................................... 2

**Reply Point No. 1**
**The evidence was legally sufficient to prove that Campbell assaulted his father at the time he entered his home without consent.** .......................... 2

    **I. Statement of Facts.** ........................................................................ 2
    **II. Standard of Review.** .................................................................... 3
    **III. Burglary by Assault.** .................................................................. 4

**Reply Point No. 2**
**The trial court properly admitted evidence that Campbell had committed a previous burglary of the victim's house a few days prior to the charged offense, in order to show why the victim was confused about some of the details he related to the police.** ....................................... 5

**Reply Point No. 3**
**Campbell fails to show that his trial attorney rendered ineffective assistance of counsel.** ............................................................................... 8

    **I. Failing to object under 404(b) and 403 to testimony concerning a restraining order and that Campbell had previously broken two glass panels on the kitchen door, and failure to object under 403 to the prior burglary.** ................................................................. 10
    **II. Failing to request a limiting instruction concerning the prior burglary.** ......................................................................................... 13
    **III. Failing to challenge the victim's competence as a witness.** ..... 14
    **IV. Failing to call the owner of the house to testify concerning Campbell's permission to enter the residence.** .............................. 17

PRAYER .......................................................................................................... 18

RULE 9.4 (i) CERTIFICATION ..................................................................... 18

CERTIFICATE OF SERVICE ........................................................................ 19

# INDEX OF AUTHORITIES

## Cases

*In re A.W.,* 147 S.W.3d 632 (Tex.App.-San Antonio 2004, no pet.)............ 16

*Adams v. State*, 222 S.W.3d 37 (Tex. App.—Austin 2005, pet. ref'd)............5

*Agbogwe v. State,* 414 S.W.3d 820 (Tex. App.-Houston [1st Dist.] 2013, no pet.). .............................................................................................. 14

*Alberts v. State,* 302 S.W.3d 495 (Tex. App.-Texarkana 2009, no pet.)...... 12

*Barnett v. State*, 344 S.W.3d 6 (Tex. App.—Texarkana 2011, pet. ref'd). .............................................................................. 11, 12

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). ............................3

*Ex parte Bryant*, 448 S.W.3d 29 (Tex. Crim. App. 2014)........................... 12

*Burke v. State*, 371 S.W.3d 252 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd, untimely filed). .............................................................. 11

*Davis v. State,* 268 S.W.3d 683 (Tex.App.-Fort Worth 2008, pet. ref'd)..... 15

*De La Paz v. State,* 279 S.W.3d 336 (Tex. Crim. App. 2009). .......................6

*Delgado v. State*, 235 S.W.3d 244 (Tex. Crim. App. 2007)......................... 14

*Garcia v. State*, 201 S.W.3d 695 (Tex. Crim. App. 2006). ............................7

*Garcia v. State,* 367 S.W.3d 683 (Tex. Crim. App. 2012). ............................4

*Garcia v. State,* 57 S.W.3d 436 (Tex. Crim. App. 2001). ..............................9

*Goodspeed v. State,* 187 S.W.3d 390 (Tex. Crim. App. 2005). ......................9

*Huerta v. State,* 359 S.W.3d 887 (Tex. App.-Houston [14th Dist.] 2012, no pet.). .............................................................................................. 12

*Ingham v. State,* 679 S.W.2d 503 (Tex. Crim. App. 1984). .......................... 11

*Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781 (1979). ........................ 3, 4

*Ketchum v. State*, 199 S.W.3d 581 (Tex. App.—Corpus Christi 2006, pet. ref'd). ...................................................................................................... 11

*King v. State,* 649 S.W.2d 42 (Tex. Crim. App. 1983)................................ 17

*Kuhn v. State*, 393 S.W.3d 519 (Tex. App.—Austin 2013, pet. ref'd). ....... 12

*Mata v. State,* 226 S.W.3d 425 (Tex. Crim. App. 2007)................................9

*Mobil Oil Corp. v. Floyd,* 810 S.W.2d 321 (Tex.App.-Beaumont 1991, orig. proceeding). ....................................................................................... 16

*Montgomery v. State,* 810 S.W.2d 372 (Tex. Crim. App. 1991)............... 7, 12

*Mozon v. State*, 991 S.W.2d 841 (Tex. Crim. App. 1999). ............................7

*Ortiz v. State,* 93 S.W.3d 79 (Tex. Crim. App. 2002). ................................ 14

*Padilla v. State*, 326 S.W.3d 195 (Tex. Crim. App. 2010)........................ 3, 4

*Perez v. State,* 310 S.W.3d 890 (Tex. Crim. App. 2010). .............................8

*Prible v. State,* 175 S.W.3d 724 (Tex. Crim. App. 2005). .............................6

*In re R.M.T.*, 352 S.W.3d 12 (Tex. App.—Texarkana 2011, no pet.).......... 16

*Ex parte Ramirez*, 280 S.W.3d 848 (Tex. Crim. App. 2007). ...................... 17

*Robinson v. State,* 368 S.W.3d 588 (Tex. App.-Austin 2012, pet. ref'd). .... 16

*Shah v. State*, 403 S.W.3d 29 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). .........................................................................................................4

*Smith v. State,* 5 S.W.3d 673 (Tex. Crim. App. 1999). ................................7

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984)............... 8, 9

*Thompson v. State,* 9 S.W.3d 808 (Tex. Crim. App. 1999)..............................9

*Tong v. State,* 25 S.W.3d 707 (Tex. Crim. App. 2000). ..................................9

*Torres v. State*, 754 S.W.2d 397 (Tex. App.—Corpus Christi 1988, pet. ref'd). ................................................................................... 14

*Vasquez v. State*, 417 S.W.3d 728 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd)................................................................. 11, 12

*Ex parte Varelas*, 45 S.W.3d 627 (Tex. Crim. App. 2001). .......................... 14

*Watson v. State,* 596 S.W.2d 867 (Tex. Crim. App. 1980). .................... 15, 16

*Ex parte White,* 160 S.W.3d 46 (Tex. Crim. App. 2004). ......................... 9, 11

**Statutes & Rules**

Tex. Penal Code § 1.07...................................................................................4

Tex. Penal Code § 22.01.................................................................................4

Tex. Penal Code § 30.02.................................................................................4

Tex. R. Evid. 403. ...................................................................................... 13

Tex. R. Evid. 404. ..........................................................................................7

Tex. R. Evid. 601. ...................................................................................... 15

NO. 13-14-403-CR

| NOEL CAMPBELL, | § | COURT OF APPEALS |
| Appellant, | § | |
| | § | |
| V. | § | FOR THE THIRTEENTH |
| | § | |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | DISTRICT OF TEXAS |

## BRIEF FOR THE STATE

TO THE HONORABLE COURT OF APPEALS:

## SUMMARY OF THE ARGUMENT

*Issue no. 1* – The victim's own statements and testimony prove an assault both by threat and by causing bodily injury.

*Issue no. 2* – The previous burglary was relevant to show the state of mind of the victim and why he was confused about some of the details of the present burglary, as an exception to Rule 404(b).

*Issue no. 3* – Campbell has failed to disprove the presumption that his trial attorney was exercising sound trial strategy in all of the decisions that he made during trial or that the objections he supposedly should have made had merit.

# ARGUMENT

## Reply Point No. 1
**The evidence was legally sufficient to prove that Campbell assaulted his father at the time he entered his home without consent.**

### I. Statement of Facts.

Campbell was indicted for burglary of a habitation by means of the fact that he "attempted to commit or committed an assault against HERBERT CAMPBELL." (CR p. 5)

At trial, Police Officer Ernesto Coronado testified, without objection, that Herbert related to him that Campbell claimed at the time of the burglary that Herbert owed him money for a cell phone and stated that "he was going to beat Herbert's ass if he didn't get the money." (RR vol. 3, pp. 33-34)

Police Officer Robert McFarland testified, without objection, that Herbert said that he had been pushed on his back and that it caused him some pain, and that he also had soreness to his legs and ribs from the incident. (RR vol. 3, p. 42) Officer McFarland testified that Herbert also said that Campbell asked for money to buy a phone, and that when Herbert refused, Campbell then started calling him names, pushed him, and caused pain to his back and soreness to his ribs and legs. (RR vol. 3, p. 49)

Herbert Campbell testified that Noel Campbell had said that Herbert owned him $20 to buy a cell phone, and that when Herbert refused,

Campbell then called him a couple derogatory names and threatened to "tear my face off prison style." (RR vol. 3, pp. 58-60)  Herbert also related that Campbell struggled with him and threw him to the floor, such that Herbert hit the bedstead and the floor.  (RR vol. 3, p. 60)  Specifically, Herbert testified that Campbell pushed him from behind.  (RR vol. 3, pp. 63-64)

## II. Standard of Review.

In order to determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781 (1979).  In *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), the Court of Criminal Appeals abandoned factual sufficiency review and determined that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient.  This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010) (quoting *Jackson*, 443 U.S. at 319).  Faced with a record of historical facts that support conflicting

inferences, the reviewing court "must presume ... that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Padilla*, 326 S.W.3d at 200 (quoting *Jackson*, 443 U.S. at 326).

### III. Burglary by Assault.

Burglary of a habitation may be committed, among other ways, by unauthorized entry and the commission of an assault. Tex. Penal Code § 30.02 (a)(3). In turn, the predicate assault may be committed by "intentionally, knowingly, or recklessly caus[ing] bodily injury to another," or by "intentionally or knowingly threaten[ing] another with imminent bodily injury." Tex. Penal Code § 22.01 (a)(1) & (2). "Bodily injury" is defined broadly as "physical pain, illness, or any impairment of physical condition." Tex. Pen. Code Ann. § 1.07 (a)(8). Under this broad definition, "[a]ny physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State,* 367 S.W.3d 683, 688 (Tex. Crim. App. 2012); *Shah v. State*, 403 S.W.3d 29, 34 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

In the present case, the fact finder was entitled to believe Herbert's testimony that Campbell pushed and threw him, causing him to suffer physical pain sufficient to show an assault under Subsection (a)(1).

In addition to the actual bodily injury inflicted on Herbert, Campbell also committed an assault by threatening him with imminent bodily injury under Subsection (a)(2) when he threatened to "beat Herbert's ass" or tear his face off if he did not get the money he wanted. *See Adams v. State*, 222 S.W.3d 37, 51 (Tex. App.—Austin 2005, pet. ref'd) (present threat to "kick your butt" was sufficient to show an assault by threat).

The evidence was legally sufficient and Campbell's first issue on appeal should be overruled.

**Reply Point No. 2**
**The trial court properly admitted evidence that Campbell had committed a previous burglary of the victim's house a few days prior to the charged offense, in order to show why the victim was confused about some of the details he related to the police.**

In his opening statements, Campbell's trial attorney argued that there were inconsistencies in Herbert's two versions of what happened at the time of the burglary. (RR vol. 3, pp. 17-18) He played this theme out during the remainder of the trial, as a reason to disbelieve Herbert's statements and testimony. Specifically, on cross-examination of Herbert, the defense attempted to show that his statements concerning the assault were inconsistent and that he had been diagnosed with dementia. (RR vol. 3, pp. 68-69)

The prosecutor then announced her intention to question Herbert concerning other burglaries that occurred three days before, and three days after, the present burglary, in order to show "why things are blending together" in Herbert's memory and "why he's having a problem distinguishing these incidences," and thus to explain the apparent inconsistencies. (RR vol. 3, pp. 69-71) Specifically, the prosecutor announced her intention:

> to question the witness regarding why he cannot remember certain details. Included in his response, I believe, will be that there were multiple incidents that occurred within a short period of time that make it where it is more difficult for him to remember some of those details.

(RR vol. 3, pp. 71-72) The trial court ruled that it would allow this testimony. (RR vol. 3, pp. 72-73) The prosecutor then elicited testimony from Herbert that he was having problems remembering the specific details of the present burglary because Campbell had committed similar offenses within the prior week. (RR vol. 3, pp. 73-74)

The trial court's decision to admit extraneous-offense evidence is reviewed for an abuse of discretion. *De La Paz v. State,* 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Prible v. State,* 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). A trial court does not abuse its discretion if the decision to admit or exclude the evidence is within the "zone of reasonable

disagreement." *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (opin. on reh'g).

Texas Rule of Evidence 404(b) provides, in pertinent part, "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Tex. R. Evid. 404(b).

Concerning "other purposes," the Court of Criminal Appeals has noted that "evidence will be relevant to a material issue if the purpose for which the party seeks to have it submitted tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. What issues are material will depend on the theories of the prosecution and the defense." *Garcia v. State*, 201 S.W.3d 695, 703 (Tex. Crim. App. 2006) (quoting *Smith v. State,* 5 S.W.3d 673, 679 n.13 (Tex. Crim. App. 1999)).

One such "other purpose" is state-of-mind evidence, when state of mind is relevant to some issue in the case. *See Mozon v. State*, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999) (victim's extraneous acts of violence admissible to show the defendant's state of mind).

7

In the present case, the victim's state of mind, and specifically the reason he was confused about some of the details of the charged burglary, was clearly relevant, and the fact of several related and recent burglaries logically tended to show a reason for such confusion. Accordingly, the trial court acted within its discretion in admitting this evidence as an exception to Rule 404(b).

Campbell's second issue on appeal should be overruled.

**Reply Point No. 3**
**Campbell fails to show that his trial attorney rendered ineffective assistance of counsel.**

To prevail on an ineffective assistance claim, an appellant must show that (1) counsel's performance was deficient by falling below an objective standard of reasonableness; and (2) counsel's deficiency caused the appellant prejudice—there is a probability sufficient to undermine confidence in the outcome that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052 (1984); *Perez v. State,* 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). An appellant must satisfy both prongs by a preponderance of the evidence; failure to demonstrate either deficient performance or prejudice will defeat a claim of ineffectiveness. *Perez,* 310 S.W.3d at 893.

Review of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Strickland,* 466 U.S. at 689; *Ex parte White,* 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State,* 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

Any allegation of ineffectiveness must be firmly founded in the record. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Where the record is silent as to why counsel failed to make an objection or take certain actions, the reviewing court should assume it was due to any strategic motivation that can be imagined, and the appellant will have failed to rebut the presumption that trial counsel's actions were in some way reasonable. *Mata v. State,* 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *Garcia v. State,* 57 S.W.3d 436, 441 (Tex. Crim. App. 2001). Specifically, when a claim of ineffective assistance of counsel is raised on direct appeal, without the benefit of a record to show counsel's strategy and reasoning, the reviewing court should not find deficient performance unless counsel's conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed,* 187 S.W.3d at 392; *Thompson,* 9 S.W.3d at 813.

**I. Failing to object under 404(b) and 403 to testimony concerning a restraining order and that Campbell had previously broken two glass panels on the kitchen door, and failure to object under 403 to the prior burglary.**

Herbert Campbell mentioned the restraining order, without objection,

in the following exchange:

> Q. Does he have permission to come into your home?
> A. No.
> Q. And how long has he not had permission to enter your home?
> A. I think we filed our first restraining order --
> Q. And without getting into details.
> A. Okay.
> Q. Just about how long?
> A. It's been a couple of years.

(RR vol. 3, p. 57)

In addition, Herbert offered the following explanation as to how

Campbell could have gotten into his house at the time of the burglary:

> A. Okay.
> Q. Was -- how would the Defendant have gotten into your home? Were there any specific ways that the Defendant could have gotten into your home?
> A. There were two ways. Well, actually, there were three ways. He had broken the glass out on two panes on the kitchen door, and there are panes that are broken out in the den. He would use the living room -- there was -- we were having difficulty with the living room -- one of the living room windows and he knew how to jimmy that window and get it open, so he would come into the house more than once through that window, and then, I had had to jerry rig the kitchen window just to keep the cold out. It was -- this was in January and I had -- this is silly, but I had set up cans and

10

different devices to make noise if the door was opened.

(RR vol. 3, p. 61)

To show ineffective assistance of counsel for the failure to object during trial, the defendant must initially show that the trial judge would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004); *Burke v. State*, 371 S.W.3d 252, 258 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd, untimely filed).

Mention of the broken glass panels was clearly relevant to Campbell's ability to gain unlawful entry to the premises, and thus clearly relevant to the present burglary charge. Accordingly, Campbell had no valid Rule 404(b) objection.

With regard to Herbert's brief mention of a restraining order, an isolated failure to object to improper evidence generally does not constitute ineffective assistance of counsel. *See Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim. App. 1984); *Vasquez v. State*, 417 S.W.3d 728, 733 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Barnett v. State*, 344 S.W.3d 6, 19-20 (Tex. App.—Texarkana 2011, pet. ref'd); *Ketchum v. State*, 199 S.W.3d 581, 595 (Tex. App.—Corpus Christi 2006, pet. ref'd).

In addition, counsel may refrain from objecting to prejudicial evidence in an effort to make appellant appear more honest, to minimize the

seriousness of the earlier offense, or to avoid drawing unwanted attention to a particular issue. *Vasquez*, 417 S.W.3d at 733 (citing *Huerta v. State,* 359 S.W.3d 887, 894 (Tex. App.-Houston [14th Dist.] 2012, no pet.)). Specifically, it may be a sound trial strategy to refrain from objecting in order to avoid drawing additional attention to objectionable testimony or argument. *See Kuhn v. State*, 393 S.W.3d 519, 539 (Tex. App.—Austin 2013, pet. ref'd); *Barnett*, 344 S.W.3d at 19; *Alberts v. State,* 302 S.W.3d 495, 506 n. 7 (Tex. App.-Texarkana 2009, no pet.). The Court of Criminal Appeals has recently approved the strategy of failing to object in order to avoid drawing attention to certain evidence as "particularly useful when, for example, only a passing, but possibly objectionable, reference is made and the defense attorney believes that the reference would largely go unnoticed." *Ex parte Bryant*, 448 S.W.3d 29, 41 (Tex. Crim. App. 2014). This rationale clearly applies to the present passing comment regarding a restraining order.

Finally, with regard to the lack of a Rule 403 objection to evidence of the prior burglary, whether evidence is admissible under Rule 403 is within the sound discretion of the trial court. *Montgomery v. State,* 810 S.W.2d 372, 386, 389 (Tex. Crim. App. 1990). However, there is a presumption under Rule 403 that the probative value of the evidence outweighs any prejudicial effect. *Id.* at 391.

12

For the reasons explained in the State's second reply point, the prior burglary was clearly relevant to show why Herbert appeared confused about some of the details of the present burglary, and Campbell has failed to make any credible argument that the probative value was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. This is not a case where Campbell's identity as the intruder or his unlawful entry on the premises was affirmatively controverted. The primary strategy of the defense was to dispute the assaultive conduct. Accordingly, there is little danger that mention of a prior unlawful entry would have swayed the jury in this case or that it would have had any substantial prejudicial impact. Certainly there was not a sufficient showing of prejudicial impact to have required the trial judge to sustain a Rule 403 objection or to have rendered Campbell's trial attorney ineffective for failing to make a Rule 403 objection.

## II. Failing to request a limiting instruction concerning the prior burglary.

The Court of Criminal Appeals has explained that "the decision of whether to request a limiting instruction concerning the proper use of certain evidence, including extraneous offenses, may be a matter of trial strategy," and that "a party might well intentionally forego a limiting instruction as part of its deliberate trial strategy to minimize the jury's recollection of the

unfavorable evidence." *Delgado v. State*, 235 S.W.3d 244, 250 (Tex. Crim. App. 2007) (citations omitted); *see also Ex parte Varelas*, 45 S.W.3d 627, 632 (Tex. Crim. App. 2001) (noting the difference between the bare record on appeal that did not disprove trial strategy in failing to seek a limiting instruction, and the showing on habeas review that this decision was not the product of trial strategy); *Agbogwe v. State*, 414 S.W.3d 820, 838 (Tex. App.-Houston [1st Dist.] 2013, no pet.) (finding it reasonable for defense counsel to conclude that seeking an instruction to disregard would only bring further attention to the objectionable evidence); *Torres v. State*, 754 S.W.2d 397, 401 (Tex. App.—Corpus Christi 1988, pet. ref'd) (failure to seek a limiting instruction may have been a tactical decision not to call that evidence to the jury's attention).

Likewise, in the present case, Campbell has pointed to nothing that would disprove his trial attorney's potential strategy to avoid drawing further attention to the extraneous burglary.

**III. Failing to challenge the victim's competence as a witness.**

When it is alleged in an ineffective assistance claim that counsel was deficient in failing to object to the admission of evidence, the defendant must show, as part of his claim, that the evidence was inadmissible. *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002). Accordingly, in the present

case, Campbell must show that the trial court would have committed error in overruling an objection to Herbert testifying at trial.

The Rules of Evidence provide as follows concerning the competence of witnesses:

> **(a) General Rule.** Every person is competent to be a witness except as otherwise provided in these rules. The following witnesses shall be incompetent to testify in any proceeding subject to these rules:
>> (1) *Insane persons.* Insane persons who, in the opinion of the court, are in an insane condition of mind at the time when they are offered as a witness, or who, in the opinion of the court, were in that condition when the events happened of which they are called to testify.
>> (2) *Children.* Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated.

Tex. R. Evid. 601.

The issue of a witness's competency is generally a question for the trial court and its ruling in that regard will not be disturbed on appeal unless an abuse of discretion can be shown. *Watson v. State,* 596 S.W.2d 867, 871 (Tex. Crim. App. 1980).

As the Rule suggests, there is a presumption that every witness is competent to testify. *See Davis v. State,* 268 S.W.3d 683, 699 (Tex.App.-Fort Worth 2008, pet. ref'd). A witness is competent to testify if (1) he can intelligently observe events at the time of their occurrence, (2) he has the capacity to recollect those events, and (3) he has the capacity to narrate those

events to the jury. *See Robinson v. State,* 368 S.W.3d 588, 604 (Tex. App.-Austin 2012, pet. ref'd). Conversely, in order to demonstrate incompetency under Rule 601, it must be shown that the witness lacked the ability to perceive the relevant events, recall and narrate those events at the time of trial, or that the witness lacked the capacity to understand the obligation of the oath. *In re R.M.T.,* 352 S.W.3d 12, 25 (Tex. App.—Texarkana 2011, no pet.); *Mobil Oil Corp. v. Floyd,* 810 S.W.2d 321, 323 (Tex.App.-Beaumont 1991, orig. proceeding). The "capacity to narrate" encompasses both "an ability to understand the questions asked and to frame intelligent answers," as well as a "moral responsibility to tell the truth." *Watson,* 596 S.W.2d at 870.

Moreover, merely inconsistent and confusing responses from a witness do not necessarily mean he is incompetent to testify, but speak instead to the credibility of his testimony. *See In re A.W.,* 147 S.W.3d 632, 635 (Tex.App.-San Antonio 2004, no pet.).

In the present case, Officer Coronado testified that he had no problems conversing with Herbert or understanding what he said, and that Herbert seemed to be clear about what had happened to him that night. (RR vol. 3, p. 24) Similarly, Officer McFarland testified that he had no problems

16

communicating with Herbert, who seemed coherent and to understand what was going on and what had happened to him. (RR vol. 3, pp. 49-50)

Throughout his own testimony, Herbert Campbell appeared coherent, focused, and able to answer the questions asked of him. (RR vol. 3, pp. 55 *et seq.*)

Accordingly, Campbell has failed to show that Herbert was incompetent to testify or that his trial attorney was ineffective for failing to challenge competency.

## IV. Failing to call the owner of the house to testify concerning Campbell's permission to enter the residence.

When challenging an attorney's failure to call a particular witness, the appellant must show that the witness had been available to testify and that his testimony would have been of some benefit to the defense. *See Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007); *King v. State,* 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). Campbell makes no such showing on the present record.

Accordingly, Campbell has failed to prove that his trial attorney rendered ineffective assistance of counsel.

Campbell's third issue on appeal should be overruled.

## PRAYER

For the foregoing reasons, the State respectfully requests that the judgment of the trial court be affirmed.

Respectfully submitted,

/s/ *Douglas K. Norman*

_____
Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@co.nueces.tx.us

## RULE 9.4 (i) CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 3,724.

/s/ *Douglas K. Norman*

_____
Douglas K. Norman

## CERTIFICATE OF SERVICE

This is to certify that a copy of this brief was e-mailed on March 27, 2015, to Appellant's attorney, Ms. Celina Lopez Leon.

/s/ *Douglas K. Norman*
_____
Douglas K. Norman