Opinion issued October 25, 2012.



In The

# Court of Appeals

For The

## First District of Texas

———————————

## NO. 01-11-00555-CR

———————————

## MICHAEL A. TRISTAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Case No. 1721708**

---

## O P I N I O N

A jury found Michael Tristan guilty of the misdemeanor offense of indecent exposure. *See* TEX. PENAL CODE ANN. § 21.08 (West 2011). The trial court assessed Tristan's punishment at seventy-five days' confinement in the county jail. On appeal, Tristan contends that the trial court erred in (1) excluding impeachment

testimony revealing the complainant's bias and (2) admitting evidence of a prior conviction for failing to register as a sex offender. We conclude that Tristan failed to preserve for appeal his complaint about the impeachment testimony, and the trial court did not abuse its discretion in admitting his prior felony conviction. We therefore affirm.

**Background**

After a neighbor in Tristan's apartment complex observed Tristan expose his genitals to her in plain view of the public, the State charged Tristan by information with the misdemeanor offense of indecent exposure, with the neighbor as the complainant. The neighbor testified at trial. Tristan sought to show that the neighbor was biased against him with evidence that Tristan had complained to the apartment manager that illegal immigrants were living in the apartment complex. On cross-examination, Tristan asked the neighbor—a Hispanic woman—if she had "become aware that [Tristan had] complained to the apartment manager about possible illegal aliens" and whether she had "learn[ed] that [Tristan] was making trouble, [or] complaints about the possible illegal status of some of the residents of the complex." The trial court sustained the State's objections to both inquiries. After the trial court's rulings, Tristan continued questioning the witness. He did not proffer testimony to demonstrate what the neighbor's responses would have been had the trial court permitted the questions.

2

Tristan also testified. He denied that he had exposed himself to the neighbor and told the jury that, while he had generally complained about his neighbors' immigration status, he did not recognize the complainant neighbor as a person who lived in his apartment complex. He claimed he had never spoken with her.

On cross-examination, the State sought to impeach Tristan with two prior felony convictions: one for failure to register as a sex offender in 2005 and the other for aggravated assault in 2007. Tristan objected to their admission under Rules 609 and 403, but the trial court allowed the evidence. In its charge to the jury, the trial court instructed the jury to limit its consideration of the convictions to its assessment of Tristan's credibility as a witness and cautioned the jury not to consider them as evidence of his guilt.

## Discussion

On appeal, Tristan contends that the trial court erred in excluding evidence of the neighbor's bias against him. Tristan also contends that the trial court erred in admitting evidence of his felony conviction for failure to register as a sex offender under Texas Rule of Evidence 609, because the probative value of the conviction outweighs its prejudicial effect. Tristan further challenges the admissibility of this conviction under Rule 403. He does not challenge admission of the aggravated assault conviction.

### A. Standard of review

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). A trial court does not abuse its discretion if some evidence supports its decision. *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). We uphold a trial court's evidentiary ruling if it was correct on any theory of law applicable to the case. *See De la Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

### B. Impeachment for bias

Generally, a defendant may cross-examine a witness for her purported bias, interest, or motive, without undue limitation. *Hammer v. State*, 296 S.W.3d 555, 563 (Tex. Crim. App. 2009); *see also* TEX. R. EVID. 613(b) (providing for impeachment of witness by evidence of alleged bias or interest in favor or against party); *Billodeau v. State*, 277 S.W.3d 34, 42–43 (Tex. Crim. App. 2009) ("The possible animus, motive, or ill will of a prosecution witness who testified against the defendant is never a collateral or irrelevant inquiry, and the defendant is entitled, subject to reasonable restrictions, to show any relevant fact that might tend to establish ill feeling, bias, motive, interest, or animus on the part of any

4

witness testifying against him."). Cross-examination, however, is not wholly unfettered. *Reynolds v. State*, 371 S.W.3d 511, 519–520 (Tex. App.—Houston [1st Dist.] 2012, no. pet. h.). Rather, trial judges may "impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant." *Id.* (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435 (1986)); *see also Hammer*, 296 S.W.3d at 561 ("This right is not unqualified, however; the trial judge has wide discretion in limiting the scope and extent of cross-examination.").

A complaint that the trial court erred in excluding impeachment evidence may not be pursued on appeal unless the proponent perfected an offer of proof or a bill of exception. *See Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999); *see also* TEX. R. EVID. 103(a)(2); TEX. R. APP. P. 33.2. And the proponent must show that the evidence is relevant by demonstrating a logical connection between the witness's testimony and her potential motive to testify in favor of the opposing party. *Woods v. State*, 152 S.W.3d 105, 111 (Tex. Crim. App. 2004); *Reynolds*, 371 S.W.3d at 520.

The trial court permitted Tristan to question the complainant about whether Tristan was an outsider compared to the other residents of the apartment complex and whether the complainant was aware that Tristan had complained about the

neighbors or that his kids' bikes had been stolen. The trial judge, however, sustained the State's objection when Tristan asked the complainant whether she was aware that Tristan had complained to the apartment manager about illegal immigrants residing at the complex. Tristan continued questioning the witness after the trial court excluded the testimony. He did not identify for the record what the excluded testimony would have been or attempt to draw the court's attention to the reasons the questions were admissible. *See* TEX. R. EVID. 103(a)(2). Tristan also did not demonstrate in the trial court a logical connection between this line of inquiry and the neighbor's potential motive to testify in favor of the State. *See Smith v. State*, 352 S.W.3d 55, 64 (Tex. App.—Fort Worth 2011, no pet. h.). Tristan sought to discredit the neighbor's testimony by asking whether she knew that he had complained to the apartment manager about illegal immigrants living in the complex, but significantly, Tristan acknowledged in his own testimony that he had never met the neighbor, did not recognize her as his neighbor, and he had no previous confrontation with her. Without more foundation for a logical connection, the trial judge reasonably could have concluded that the question was an appeal to prejudice more than an attempt to show witness bias.

Absent a showing of what such testimony would have been, or an offer of a statement concerning what the excluded evidence would have shown, nothing is presented for review. *See Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App.

6

1999); *see also* TEX. R. APP. P. 33.2; TEX. R. EVID. 103(a)(2). Accordingly, we conclude that Tristan has not preserved his complaint that the trial court erred in excluding evidence of the complainant's possible bias against him.

### C. Rule 609: Impeachment with prior felony conviction

Tristan next contends that the trial court abused its discretion in admitting evidence that he previously had been convicted of the felony offense of failure to register as a sex offender, because the probative value of the evidence of the conviction is outweighed by its prejudicial effect.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.102. The State responds that the evidence was properly admitted pursuant to Texas Rule of Evidence 609.

A defendant who testifies at trial subjects himself to cross-examination and impeachment in the same manner as any other witness. *Bowley v. State*, 310 S.W.3d 431, 434 (Tex. Crim. App. 2010). Texas Rule of Evidence 609 provides that the trial court shall admit evidence of a witness's prior conviction if the crime was a felony or a crime of moral turpitude, and the court determines that the probative value of admitting the conviction outweighs its prejudicial effect. TEX. R. EVID. 609(a); *Morris v. State*, 67 S.W.3d 257, 263 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).

---

[1] Tristan does not challenge the admission of the aggravated assault conviction on appeal.

In *Theus v. State*, the Court of Criminal Appeals pronounced a list of five non-exclusive factors for courts to consider in determining whether a conviction should be admitted under Rule 609. 845 S.W.2d 874, 880 (Tex. Crim. App. 1992). The five factors are: (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history, (3) the similarity between past crimes and the charged offense, (4) the importance of the defendant's testimony, and (5) the importance of the credibility issue. *Id.* We accord the trial court wide discretion in its decision. *Id.* at 881.

### 1. Crime of deception

Crimes involving deception have a higher impeachment value than crimes of violence, and the latter have a higher potential for prejudice. *Id.* at 881. Tristan complains that his conviction for failure to register as a sex offender is a crime that places in the jury's mind the possibility of a violent underlying offense. But the question is not whether the conviction may lead jurors to speculate about the facts surrounding the underlying offense; the question is instead whether the crime is the type that bears on the defendant's character for truthfulness. *Id.* at 877. We thus examine whether the failure to register as a sex offender may bear on a witness's character for truthfulness.

We conclude that it does. To register as a sex offender, a defendant must disclose statutorily required information and tender it to law enforcement. *See generally* TEX. CODE CRIM. PROC. ANN. art. 62.051. A person required to register may not fail to provide the information required for an accurate registration. *Id.* at art. 62.051(k). The goal of registration and notification provisions is to facilitate law enforcement's monitoring of sex offenders and to alert the public, so that those who may be vulnerable to crime may take appropriate precautions that could deter further crimes. *See Turner v. State*, 101 S.W.3d 750, 757 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (quoting *In re M.A.H.*, 20 S.W.3d 860, 863 (Tex. App.—Fort Worth 2000, no pet.). The information gathered from the registry process is public information. TEX. CODE CRIM. PROC. ANN. art. 62.005. A convicted sex offender may desire to conceal the required information for a number of reasons, including evading tracking by law enforcement and detection by the public. We hold that failure to register as a sex offender can be a crime of deception that bears on the witness's character for truthfulness.[2]

---

[2] In an unpublished opinion, the El Paso Court of Appeals also has concluded that failure to register as a sex offender is a crime of deception. *Theragood v. State*, No. 08-10-00013-CR, 2011 WL 3848840 (Tex. App.—El Paso Aug. 31, 2011, no pet.) (mem. op., not designated for publication). We publish our opinion in this case to provide authority on this issue.

### 2. *Temporal proximity*

The temporal proximity of the past crime relative to the charged offense and the witness's subsequent history favors admission if the crime in question is recent and the witness has a demonstrated pattern of running afoul of the law. *Theus*, 845 S.W.2d at 881. Tristan was convicted of the felony offense in 2005; the State offered the conviction into evidence during his 2011 trial. The relative recency of the conviction favors admission. *See Thomas v. State*, 312 S.W.3d 732, 739–40 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (upholding admission of offense committed within last twenty years).

### 3. *Similarity*

Similarity between the past crime and the charged offense weighs against admissibility of a prior conviction. *Theus*, 845 S.W.2d at 881. The *Theus* court reasoned that admitting a similar prior crime for impeachment purposes "presents a situation where the jury would convict on the perception of a past pattern of conduct, instead of on the facts of the charged offense." *Id.* Indecent exposure is a crime involving moral turpitude, in which a defendant "by his intent to sexually arouse either himself or another, acts upon motives of baseness, vileness, depravity." *Polk v. State*, 865 S.W.2d 627, 630 (Tex. App.—Fort Worth 1993, writ ref'd).

Although the elements of the crime of failing to register as a sex offender differ from those of indecent exposure, Tristan complains that admission of his prior conviction was prejudicial because a jury might conclude that a convicted sex offender who fails to register may be more likely to be guilty of indecent exposure than an individual who is not a convicted sex offender. The conviction that the trial court admitted for impeachment was not a sexual offense itself, but the failure to register. The State did not go into any detail about the underlying crime, and the trial court instructed the jury not to consider the evidence for purposes other than impeachment. Given the differing elements of the two crimes and the trial court's instruction, the trial court acted within its discretion to weigh this factor less heavily in deciding to admit the evidence.

With respect to the final two factors, *Theus* states that "when the case involves the testimony of only the defendant and the State's witnesses . . . the importance of the defendant's credibility and testimony escalates" and "so will the need to allow the State an opportunity to impeach the defendant's credibility." *Theus*, 845 S.W.2d at 881. Tristan took the stand as the sole witness in his defense. Tristan's credibility was an important issue in the case, because the case involved only his testimony and the testimony of the State's witnesses. *See id.* And Tristan contradicted the only other witness called to the stand with direct knowledge of the

incident—the complainant. These circumstances heightened the State's need to impeach Tristan's credibility.

Considering the *Theus* factors, we conclude that the trial court was within its discretion in admitting Tristan's 2005 conviction under Texas Rule of Evidence 609.

### D. Rule 403 challenge

Tristan further contends that the sex offender registration conviction should have been excluded under Rule 403, because, even if relevant for the purpose of impeachment, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* TEX. R. EVID. 403.

Even if admissible under Rules 404(a) and 609, relevant evidence may be subject to exclusion under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice. See TEX. R. EVID. 403. Rule 403 excludes only that evidence that is unfairly prejudicial. *Deleon v. State*, 77 S.W.3d 300, 315 (Tex. Crim. App. 2001); TEX. R. EVID. 403. In evaluating a Rule 403 challenge to admission of an extraneous offense, a trial court should weigh whether the extraneous offense evidence, makes a relevant fact more or less probable; impresses the jury "in some irrational but nevertheless indelible way"; distracts the jury from consideration of the indicted offense; the proponent has other evidence

12

available to him to establish this fact. *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000) (quoting *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990)).

The trial court did not abuse its discretion in overruling Tristan's Rule 403 objection. First, Tristan's conviction for failure to register as a sex offender—a crime of deception—is a significant piece of evidence bearing on his character for truthfulness under Rule 609. *See Theus*, 845 S.W.2d at 881. Second, although failure to register as a sex offender is a crime with a sexual aspect that may offend a juror's sensibilities, the manner in which the State presented evidence of Tristan's conviction did not likely leave an indelible impression on the jurors to encourage an irrational decision. The State presented the evidence quickly and without any details of the underlying offense. On re-direct, Tristan's counsel elicited testimony that Tristan had pled guilty to failure to register as a sex offender and contended that his plea in that case demonstrated that Tristan accepts responsibilities for his crimes. Third, the State took little time to develop the testimony. The evidence thus did not unduly distract the jury from the charged offense. Fourth, the State used this impeachment evidence because the case turned, in large part, on whether the jury believed Tristan's version of the events.

Considering these factors, we hold that the trial court did not abuse its discretion in deciding that the probative value of the evidence of Tristan's earlier

13

conviction was not substantially outweighed by its prejudicial effect. Accordingly, the trial court did not err in admitting the evidence over Tristan's Rule 403 objection.

## Conclusion

We hold that Tristan failed to preserve his issue about the complainants bias for our review. We further hold that the trial court did not abuse its discretion in admitting evidence of his prior felony conviction for failure to register as a sex offender. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Publish. TEX. R. APP. P. 47.2(b).