

# NUMBER

# 13-14-00257-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RUBEN ANDRES BALDEZ,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the County Court at Law No. 2
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Longoria

By one issue, appellant Ruben Andres Baldez appeals his conviction for driving

while intoxicated, second offense.  *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw

through 2013 3d C.S.). We affirm.

## I. BACKGROUND

At approximately 2:00 a.m. on September 28, 2013, Officer Robert Rogers investigated a two-car accident that occurred on John Stockbauer Drive in Victoria, Texas. Rogers testified that he spoke to appellant, the driver of one of the vehicles involved in the accident. Rogers further testified that he observed that appellant had glassy eyes and exuded an odor of alcohol. Marie Salazar, the driver of the other vehicle, was trapped in the car because the driver's side door would not open. Appellant helped Rogers force open the door of Salazar's vehicle. Afterwards, Rogers directed appellant to stay beside his car so that Rogers could speak to Salazar without appellant overhearing. Rogers testified that he told appellant to stay beside his own vehicle five times; appellant would comply for a minute or less and then leave the vicinity of his car. Rogers and Officer Issac Ramirez, who arrived to assist Rogers, found appellant walking away from the scene along Stockbauer Drive. Ramirez handcuffed appellant and placed him in Ramirez's vehicle.

Ramirez testified that he observed that appellant had an unsteady balance, bloodshot eyes, and acted aggressively. Ramirez also testified, without objection, that the damage to Salazar's car was consistent with being struck from behind by another vehicle. Officer Manny Cordova and Officer Bryan Dowden, who transported appellant to the hospital, confirmed the observations of Rogers and Ramirez. They added that appellant's speech was slurred, he refused medical treatment, and refused to provide a sample of his blood for testing. Ramirez further testified that he found a discarded beer can near the driver's side door of appellant's vehicle. Salazar testified at trial regarding

2

the accident and the events leading up to it. She testified that she was driving "straight" and that she was struck from behind by appellant's vehicle.

Appellant testified in his own defense. On direct examination, appellant denied that he was intoxicated on the night of the accident and further testified that the accident was Salazar's fault because she came into his lane of traffic while he was trying to pass her. Appellant speculated that Salazar caused the accident because she fell asleep while driving. The State began its cross-examination by asking appellant if he was a convicted felon. Appellant answered that he was not. The State attempted to impeach appellant with a judgment of conviction for possession of less than one gram of methadone, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West, Westlaw through 2013 3d C.S.). Appellant's counsel objected that the potential prejudice of admitting the conviction outweighed its probative value. The trial judge overruled appellant's objection following a lengthy discussion with counsel outside of the presence of the jury.

The jury returned a verdict of guilty. Appellant elected to have the trial judge assess punishment. The trial judge assessed a term of imprisonment for one year in county jail, a $4,000 fine, and court costs. Appellant timely filed a notice of appeal.

## II. RULE 609

Appellant argues in his sole issue that the trial court erred in overruling his objection to admitting the conviction for impeachment purposes because the prejudicial effect outweighed its probative value. *See* TEX. R. EVID. 609.

## A. Applicable Law and Standard of Review

Rule 609 provides that evidence of a witness's prior conviction for a felony[1] or a crime of moral turpitude are admissible for impeachment purposes if the convictions are less than ten years old and the probative value substantially outweighs the prejudicial effect. *Id.* The Texas Court of Criminal Appeals has set out five non-exclusive factors for courts to consider when making this determination: (1) the impeachment value of the prior offense; (2) the temporal proximity of the past offense to the charged offense and the witness's subsequent history; (3) the similarity between the past offense and the charged offense; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992) (en banc). As the proponent of the evidence, the State bears the burden to demonstrate that the prejudicial effect does not outweigh the probative value. *Dale v. State*, 90 S.W.3d 826, 830 (Tex. App.—San Antonio 2002, pet. ref'd).

The trial court possesses wide discretion in deciding whether to admit evidence under Rule 609. *Theus*, 845 S.W.2d at 881. We will uphold the trial court's ruling so long as it is within the zone of reasonable disagreement. *Dale*, 90 S.W.3d at 830.

## B. Discussion

Appellant argues that the State failed to carry its burden as to why appellant's conviction for possession of a small amount of methadone satisfied the *Theus* balancing test. We disagree.[2]

---

[1] Texas courts treat a state jail felony as a "felony" for purposes of Rule 609. *See, e.g., Schmidt v. State*, 373 S.W.3d 856, 862–63 (Tex. App.—Amarillo 2012, pet. ref'd).

[2] Appellant also argues that the there is no evidence that the trial judge actually performed the balancing test, but appellate courts "presume that the trial court conducted the necessary balancing test; the court's reasoning does not need to be announced for the record." *Medina v. State*, 367 S.W.3d 470, 475 (Tex. App.—Texarkana 2012, no pet.).

The first factor, the evidence's impeachment value, is relatively low because possession of a controlled substance does not involve deception and is not a crime of moral turpitude. *See Denman v. State*, 193 S.W.3d 129, 136 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (concluding that a conviction for delivery of cocaine is not a crime of moral turpitude or a crime of violence); *see also White v. State*, No. 14-93-00908-CR, 1995 WL 321599, at *3 (Tex. App.—Houston [14th Dist.] May 25, 1995, no pet.) (mem. op, not designated for publication) (holding that a conviction for possession of crack cocaine had low impeachment value because it was neither a crime of violence nor of moral turpitude).

The second factor "favors admission if the crime in question is recent and the witness has a demonstrated pattern of running afoul of the law." *Tristan v. State*, 393 S.W.3d 806, 812 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Appellant was convicted of possession of less than a gram of methadone on November 3, 2008, and his trial in this case began on February 11, 2014. The relatively recent date of conviction favors admission. *See id.* (holding that a six-year gap between the conviction and the charged offense favored admission); *see also Livingston v. State*, No. 06-11-00051-CR, 2011 WL 5535332, at *2 (Tex. App.—Texarkana Nov. 15, 2011, no pet.) (mem. op., not designated for publication) (holding that conviction which became final approximately five years before the trial was admissible under Rule 609). The second factor weighs in favor of admission.

The third factor militates against admission if the prior crime is similar to the charged offense. *Morris v. State*, 67 S.W.3d 257, 264 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). The reason for this rule is to avoid "a situation where the jury would

5

convict on the perception of a past pattern of conduct, instead of on the facts of the charged offense." *Theus*, 845 S.W.2d at 881. Here, however, the offenses of driving while intoxicated and possession of a controlled substance contain dissimilar elements and present little danger of the jury convicting based on a perceived pattern of conduct. *See id.* The third factor weighs in favor of admission.

We consider the fourth and fifth factors together because they are related. *See id.* When the case involves only the testimony of the defendant, the importance of the defendant's credibility and the State's resulting need to impeach it is heightened. *Schmidt v. State*, 373 S.W.3d 856, 863 (Tex. App.—Amarillo 2012, pet. ref'd); *White v. State*, 21 S.W.3d 642, 647 (Tex. App.—Waco 2000, pet. ref'd). Appellant was the only witness to testify for the defense in this case. Appellant's testimony provided the only evidence contradicting the police officers' testimony that he exhibited multiple signs of intoxication on the night of the accident. His testimony also directly contradicted Salazar's testimony regarding the circumstances surrounding the collision. The role of appellant's testimony in this case and the importance of the credibility issue weigh strongly in favor of admission. *See Schmidt*, 373 S.W.3d at 863; *White*, 21 S.W.3d at 647.

Based on the foregoing, especially the role of appellant's testimony in the case and the importance of his credibility, s*ee Schmidt*, 373 S.W.3d at 863, we conclude that the trial court did not abuse its discretion in permitting the State to cross-examine appellant regarding his prior conviction. *See Theus,* 845 S.W.2d at 881. We overrule appellant's sole issue.

6

### III. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of April, 2015.